IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICHARD H. WALKER and PATRICE A. GEORGE, Plaintiffs, v. COUNTRYWIDE HOME LOANS SERVICES, INC.; CITIGROUP GLOBAL MARKETS REALTY CORPORATION; CITIGROUP MORTGAGE LOAN TRUST, INC.; US BANK, NA, as trustee for Securitized Trust Citigroup Mortgage Loan Trust 2007-6 Trust; COUNTRYWIDE HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, (MERS); DOES 1 THROUGH 100 INCLUSIVE, et al., Defendants. | CIVIL ACTION NO. 1:17-CV-03052-MHC-CMS |

## **FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Mortgage Electronic Registration Systems, Inc., Countrywide Home Loans Inc., and Bank of America, N.A., successor by merger to BAC Home Loans Servicing LP f/k/a/ Countrywide Home Loans Servicing LP's (collectively, "Defendants") Motion to Consolidate Actions pursuant to Federal Rule of Civil Procedure 42(a). [Doc. 6]. For the

reasons discussed below, I **RECOMMEND** that Defendants' Motion to Consolidate Actions be **GRANTED**.

## I.     FACTS

On or around July 31, 2017, Plaintiffs Richard H. Walker and Patrice A. George (collectively, "Plaintiffs") filed a complaint against numerous defendants in the Superior Court of Gwinnett County, raising claims for wrongful foreclosure and breach of contract, among other things, arising out of their mortgage dealings with the defendants. [Civil Action No. 1:17-cv-03307-MHC-CMS ("First Lawsuit"), Doc. 1-1]. On August 31, 2017, the defendants removed the case to this Court on the basis of diversity jurisdiction; that action is currently pending as Civil Action No. 1:17-cv-03307-MHC-CMS ("Walker I"). [First Lawsuit, Doc. 1].

Shortly before Walker I was removed to this Court, Plaintiffs commenced the instant action, Civil Action No. 1:17-cv-03052-MHC-CMS ("Walker II") on August 14, 2017. [Doc. 1]. Plaintiffs' Complaint in this case is identical to the Complaint filed in Walker I. [Compare Doc. 1 with First Lawsuit, Doc. 1-1]. Plaintiffs have named all of the same defendants from Walker I in this lawsuit, and the attorneys for all the parties are the same in both Walker I and Walker II. [Id.].

Defendants now move to consolidate the instant action with Walker I pursuant to Federal Rule of Civil Procedure 42(a). Defendants argue that the two

actions should be consolidated because they are identical lawsuits that involve the same parties, claims, and facts. [Doc. 6 at 3]. Defendants also argue that consolidation would further the interests of judicial economy and efficiency. [Id. at 2]. Plaintiffs did not file a response to the Motion; therefore, Defendants' Motion is deemed unopposed. See LR 7.1(B), NDGa. ("Failure to file a response shall indicate that there is no opposition to the motion.").

## II.     LEGAL STANDARD

Rule 42(a) of the Federal Rules of Civil Procedure allows a court to consolidate actions pending before it if the actions "involve a common question of law or fact[.]" Fed. R. Civ. P. 42(a). This Rule "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotations omitted). "District court judges in this circuit have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." Id. at 1169 (quotation omitted and alterations adopted).

The decision to consolidate cases is committed to the sound discretion of the trial court. See Young, 59 F.3d at 1168 (Rule 42(a) "is permissive and vests a purely discretionary power in the district court.") (quotation marks and citations

3

omitted); Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) ("A district court's decision under Rule 42(a) is purely discretionary."). In exercising its discretion, the Court must determine:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple trial alternatives.

Hendrix, 776 F.2d at 1495 (quotation omitted and alterations adopted); Eghnayem v. Boston Sci. Corp., No. 16-11818, 2017 WL 4681345, at *3 (11th Cir. Oct. 19, 2017). "The party seeking consolidation bears the burden of establishing that consolidation under Rule 42(a) is appropriate." Halo Wireless, Inc. v. TDS Telecomm. Corp., No. 1:11-CV-2749-RWS, 2012 WL 246393, at *3 (N.D. Ga. Jan. 26, 2012).

### III.     DISCUSSION

I agree with Defendants that consolidation of Walker I and Walker II is appropriate, because it is clear from the face of both Complaints that the actions raise identical claims and arise out of the same occurrence. See Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 765-66 (11th Cir. 1995) ("The proper solution to problems created by the existence of two or more cases involving the same parties

4

and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)." (internal quotation marks and citation omitted)). Here, both Complaints state identical legal theories and factual allegations. [Compare Doc. 1 with First Lawsuit, Doc. 1-1]. Plaintiffs have brought both lawsuits against the same defendants, and the parties are represented by the same counsel in both actions. [Id.]. Due to the common issues of law and fact, consolidation will economize both judicial resources and the resources of the parties.

Moreover, Plaintiffs have not raised any concerns regarding potential prejudice or confusion that might arise from consolidation, nor do I find that such prejudice and confusion exist. In Walker I, Defendants have filed a Motion to Dismiss, and the Court granted a stay of discovery pending ruling on the Motion to Dismiss. [First Lawsuit, Docs. 4-6]. Walker II (the instant case) has had no substantial proceedings of record since its initiation. Other than an Order denying Plaintiffs' Application for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief dated August 14, 2017 [Doc. 3], there has been no other activity in Walker II until the filing of Defendants' motion to consolidate.

Because the actions involve the same questions of law and fact such that using multiple lawsuits would burden the parties and waste judicial resources, and

because there has been no showing that consolidation could lead to prejudice or confusion, I recommend that Defendants' motion to consolidate be granted.

## IV. CONCLUSION

For the reasons stated, I **RECOMMEND** that Defendants' Motion to Consolidate Actions [Doc. 6] be **GRANTED**, and that the Clerk consolidate Walker II with Walker I and administratively close the instant case, Walker II. See Halo Wireless, Inc., 2012 WL 246393 at *4 (granting defendant's motion for consolidation and directing Clerk to consolidate two actions into one case and close the remaining case); Melgarejo v. Nationstar Mortg. LLC, No. 1:12-CV-01494-RWS, 2012 WL 5077363, at *4 (N.D. Ga. Oct. 17, 2012) (same).

**SO REPORTED AND RECOMMENDED**, this 1st day of November, 2017.

_____
Catherine M. Salinas
United States Magistrate Judge